# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| THE NOVOGRODER COMPANIES, INC, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>HARTFORD FIRE INSURANCE COMPANY, )<br>    Defendant. ) | CAUSE NO.: 2:10-CV-193-RLM-PRC |

## OPINION AND ORDER

This matter is before the Court on Hartford Fire Insurance Company's Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) [DE 14], filed by Defendant on June 22, 2010. Plaintiff The Novogroder Companies, Inc. filed a response on July 26, 2010, and Defendant filed a reply on August 2, 2010. For the reasons set forth in this Order, the Court denies the motion.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff is incorporated in Indiana and has been an Indiana corporation for over twenty years. Plaintiff currently operates out of an office located at 875 North Michigan Avenue in Chicago. Mr. George Novogroder, President of Plaintiff The Novogroder Companies, Inc., visits Lake County, Indiana, at least once a month to conduct business in person. Plaintiff owns hundreds of commercial buildings throughout the United States, including two large apartment complexes in Lake County, Indiana, and the building at issue in this case, which is located in Danville, Illinois.

Defendant issued to Plaintiff at its office in Chicago, Illinois, a policy of insurance no. 08 UUN TD6214 with effective dates of June 30, 2007, through June 30, 2008, subject to its terms, conditions, limitations, and exclusions. The premium was for over $172,000.00, and the policy covered over $100,000,000.00 in value of property. A total of 140 parcels are listed as insured premises under the policy. The policy has both an "Indiana Changes" as well as an "Illinois Changes" page in addition to "changes" pages for other states implicated by the policy.

At the time of the loss at issue in this case, Plaintiff owned a 45,588 sq. ft. vacant office and warehouse located in Danville, Illinois. The building previously was used as an accounting building for Walgreens but was vacated in approximately 2001. At the time of the loss, there was no power to the building and the fire suppression system had been drained. The building did not have alarms, surveillance, or security.

On May 15, 2007, Jack Walsh of Progressive Builders, a contractor from the Danville, Illinois area, drove by the building and observed damage to the building. Mr. Walsh contacted Mr. Novogroder and subsequently was hired by Plaintiff to assess the building and determine what repairs needed to be made. After Mr. Walsh arrived at the building, he contacted the Danville police department and advised them that someone broke into the building and stole copper wiring and copper pipes. When the police officers arrived at the building, Mr. Walsh advised them that approximately two weeks earlier, he had boarded up a window on the north side of the building. He further advised the police officers that someone had entered the building and stolen copper electrical services wire. Additionally, a police officer observed that the toilets were missing their copper pipes and flush valves. The contractor estimated that it would cost approximately $70,000 to rewire the building.

While the officers were on the property, they noticed a van parked close to the building and they heard a banging noise that appeared to be coming from the roof of the building. One of the officers noticed that the van engine was warm and that someone could climb on the van to access the roof of the building. After the officer located a ladder to access the roof, he observed that the roof hatch was open. Upon reaching the roof, he observed a suspect taking an air conditioner apart. The police officer advised the contractor that the suspect had damaged 10 of the 12 Trane air

2

conditioner units located on the roof. The contractor estimated that the total damage to the air conditioners was $40,000.

Plaintiff provided notice to Defendant of a loss on July 10, 2007. On July 11, 2007, Mr. Novogroder advised that his contractor estimated that the loss exceeded $100,000 but did not itemize charges or provide additional details. It appears that both communications were made from Chicago, Illinois.

Correspondence was sent to Plaintiff in Chicago, Illinois, from claims adjustor Douglas Cameron in Defendant's Indianapolis, Indiana service center on December 7, 2007, December 18, 2007, July 8, 2008, September 18, 2008, September 24, 2008, and December 3, 2008, after which Mr. Cameron sent correspondence from Lexington, Kentucky, on December 16, 2008, February 26, 2009, March 4, 2009, April 13, 2009, April 23, 2009, May 5, 2009, May 8, 2009, May 11, 2009, July 15, 2009, July 22, 2009, July 28, 2009, September 2, 2009, and November 13, 2009. Mr. Cameron sent Plaintiff's Attorney Peter Koransky an email on December 18, 2009. The formal denial letters dated December 21, 2009, and February 5, 2010, which resulted in the filing of this action, were sent to Mr. Koransky in Dyer, Indiana, from Mr. Cameron in Kentucky.

Correspondence was sent from Mr. Koranksy in Dyer, Indiana, to Mr. Cameron in Indianapolis, Indiana, on November 13, 2007, November 14, 2007, December 19, 2007, and September 12, 2008, after which the correspondence was sent from Dyer, Indiana, to Lexington, Kentucky, on April 21, 2009, May 12, 2009, July 29, 2009, August 19, 2009, and December 16, 2009.

Plaintiff filed the Complaint in this case in the Lake Superior Court on March 9, 2010, and Defendant removed the case on May 11, 2010.

**ANALYSIS**

In the instant motion, Defendant requests that this matter be transferred to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a) for the convenience of the witnesses and parties. Pursuant to § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Therefore, (1) venue must be proper in the transferor court; (2) venue must be proper in the transferee court; and (3) the transfer must serve the convenience of the parties and witnesses and must be in the interests of justice. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986).

The Court balances the following "private interests" in the convenience analysis: "(1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease and access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience of the parties of litigating in the respective forums." *Schumacher v. Principal Life Ins. Co.*, 665 F. Supp. 2d 970, 977 (N.D. Ind. 2009). In addition, the Court considers the "interest of justice" or the "public interest," which relates to the efficient functioning of the courts. *Coffey*, 796 F.2d at 219, 220-21. These "[p]ublic interest factors include the court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of resolving controversies in their locale." *Valbruna Stainless, Inc. v. ADT Sec. Servs., Inc.*, 1:10-CV-77, 2010 WL 2772324, at *2 (N.D. Ind. July 12, 2010) (quoting *Omnisource Corp. v. Sims Bros., Inc.*, No. 1:08-CV-89, 2008 WL 2756345, at * 4 (N.D. Ind. 2008)).

Under the standard articulated in *Coffey*, Defendant has the burden of proving that the Northern District of Illinois is "clearly more convenient" than the Northern District of Indiana. *See id.* at 219-20. The decision to transfer an action is within the sound discretion of the trial court, and

4

the analysis is made on a case-by-case, fact-intensive inquiry; the statute does not indicate the relative weight to be accorded each factor. *Id.* at 219, 220 n. 3. Because neither party disputes that venue is proper in both the Northern District of Indiana and the Northern District of Illinois, the Court turns to the balancing of the private and public factors, considering each in turn.

### A. Private Factors–Convenience of the Parties and Witnesses

*1. Plaintiff's Initial Choice of Forum and Situs of Material Events*

The Seventh Circuit has held that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). And "[a] plaintiff's chosen forum is entitled to substantial deference, particularly where the chosen forum is the plaintiff's home forum." *Schumacher*, 665 F. Supp. 2d at 977. However, district courts within the Seventh Circuit have found that when the plaintiff's choice of forum is not the situs of the material events, plaintiff's choice is entitled to less deference. *See Omnisource*, 2008 WL 2756345, at * 4 (quoting *Moore v. Motor Coach Indus., Inc.*, 487 F. Supp. 2d 1003, 1006-07 (N.D. Ill. 2007)).

Plaintiff The Novogroder Companies has certain ties to the Northern District of Indiana. Historically, Plaintiff was incorporated in Indiana and its initial two real estate development projects originated in Lake County, Indiana. Presently, Plaintiff owns parcels in the Northern District of Indiana that are covered by the insurance policy, and Mr. Novogroder, Plaintiff's President, travels to the Northern District of Indiana on business approximately once a month. However, Plaintiff does not contest Defendant's assertion that The Novogroder Company's principal place of business is in Chicago, Illinois, because it is "the place where [the] corporation's officers direct, control and coordinate the corporation's activities" and where "the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). Chicago, Illinois, is in the Northern District

5

of Illinois, the district to which Defendant seeks transfer. Because the Northern District of Indiana is not clearly Plaintiff's "home forum," Plaintiff's choice is not entitled to "substantial deference."

As for whether the situs of the material events should disturb the deference given Plaintiff's choice of forum, the insurance policy was issued to Plaintiff in the Northern District of Illinois, the loss insured by the policy occurred in the Central District of Illinois, and the correspondence regarding the claim under the policy occurred in both the Northern District of Illinois and the Northern District of Indiana. In the Complaint, Plaintiff alleges that Defendant breached the insurance contract by paying the actual cash value of the damage to the building rather than the replacement cost of the damage to the building in accordance with the terms and conditions of the policy. "In a breach of contract case, the situs is where the business decisions causing the breach occurred[,] . . . considering where the agreement was primarily negotiated and signed . . ." *Valbruna Stainless*, 2010 WL 2772324, at * 3 (quoting *Omnisource*, 2008 WL 2756345, at *4) (citing *Hyatt Corp. v. Personal Commc'ns Indus. Ass'n*, No. 04 C 4656, 2004 WL 2931288, at * 3 (N.D. Ill. 2004))).

The initial insurance policy was issued to Plaintiff at its Chicago, Illinois address. It also appears that both Plaintiff's notice of loss on July 10, 2007, and Mr. Novogroder's communication of the total estimated loss on July 11, 2007, came from the Chicago, Illinois office based on Defendant's argument in its reply brief that Plaintiff does not dispute "that it provided [Defendant] with notice of its loss from Chicago." Def. Reply, p. 1. Subsequently, Defendant's claim adjustor sent correspondence to Plaintiff in Chicago, Illinois, from Indianapolis, Indiana, through December 3, 2008. After that, the claims adjustor sent correspondence to Plaintiff in Chicago, Illinois, from Lexington, Kentucky, through February 5, 2010. Defendant communicated its decision to deny the policy through formal denial letters December 21, 2009, and February 5, 2010, sent to Plaintiff's

Attorney in Dyer, Indiana, from the claims adjustor in Lexington, Kentucky. Other than the initial two communications, Plaintiff issued all of its correspondence from its attorney in Dyer, Indiana, to the claims adjustor in Indianapolis, Indiana, and then in Lexington, Kentucky. Although the overall balance of the communications is rather neutral, the Court finds that situs of the material events weighs slightly in favor of Indiana, and, as a result, has no impact on the deference given to Plaintiff's choice of forum.

*2. Relative Ease and Access to Sources of Proof and the Convenience of the Witnesses*

Defendant argues that it would be a major inconvenience to litigate a lawsuit over Novogroder's claim for damage to property in Danville, Illinois, in the Northern District of Indiana. However, the site of the damaged property at 1517 North Bowman Street, Danville, Illinois, is approximately 117 miles and 2 hours and 26 minutes of driving time to the federal courthouse in Hammond, Indiana, compared to approximately 143 miles and 2 hours and 50 minutes of driving time to the federal courthouse in the Chicago, Illinois. *See* http://new.mapquest.com (visited Sept. 1, 2010). Thus, for any of the witnesses or evidence related to the site of the damaged building, including the contractor, Jack Walsh, who is from Danville, Illinois, the Northern District of Indiana as the forum is slightly more convenient. The parties do not indicate where the claims adjustor, Douglas Cameron, currently resides or works, but his most recent correspondence came from Lexington, Kentucky, which is slightly closer to the Northern District of Indiana. There has been no representation that there are witnesses (other than Mr. Novogroder) or physical evidence currently located in the Northern District of Illinois or that are in a location more convenient to the Northern District of Illinois. This factor favors the Northern District of Indiana.

*3. Convenience of the Parties*

Although Mr. Novogroder's business office is in the Northern District of Illinois, Plaintiff represents that the Northern District of Indiana is more convenient for Mr. Novogroder because he travels to this district once a month and because he has been involved in litigation in the district in the past. As noted above, it appears that Defendant's claim adjustor is in either Indianapolis, Indiana, or Lexington, Kentucky. Defendant does not argue that the Northern District of Illinois is more convenient for Hartford Fire Insurance Company as a party. Although Defendant's attorney is located in the Northern District of Illinois and Plaintiff's attorney is located in the Northern District of Indiana, the convenience of an attorney is not a factor when considering a motion to transfer venue. *Aland v. Kempthorne*, No. 07-CV-4358, 2007 WL 4365340, at * 4 n. 5 (N.D. Ill. Dec. 11, 2007). The Court finds that this factor is neutral.

**B. Public Factors**

*1. Speed to Trial*

The U.S. District Court–Judicial Caseload Profiles for the Northern District of Illinois and the Northern District of Indiana, found at www.uscourts.gov, reveal that, in 2009, the median time from filing to disposition of a civil case in the Northern District of Illinois was 6.2 months, while the median time from filing to disposition of a civil case in the Northern District of Indiana was 10.2 months. In 2008, the most recent year that the statistic is available for both districts, the median time from filing a civil case to trial in the Northern District of Illinois was 27.5 months and was 29 months in the Northern District of Indiana. This factor weighs slightly in favor of the Northern District of Illinois.

*2. Familiarity with Applicable Law*

Defendant argues that Indiana choice of law for contract actions, including insurance contracts, dictates that Illinois law applies in this case. In response, Plaintiff does not concede that Illinois law will govern the construction and application of the insurance policy related to this loss.

Defendant is correct that Indiana law on choice of law will guide the determination of what state substantive law to apply in this case, regardless of the venue in which the case proceeds. *See Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964) (finding that when a diversity action is transferred from one district court to another pursuant to § 1404(a), the transferee court applies the "state law that would have been applied if there had been no change of venue"); *Soo Line R.R. Co v. Overton*, 992 F.2d 640, 643 (7th Cir. 1993) (recognizing that a federal court will look to the "whole law of the forum in which it sits, including that state's choice-of-law rules"). However, the Court finds a choice of law analysis at this stage of the litigation unnecessary because both courts are equally equipped to apply the appropriate state law to this breach of contract case. "[W]here the law in question is neither complex nor unsettled, the interests of justice remain neutral between competing courts." *First Nat. Bank v. El Camino Res., Ltd.*, 447 F. Supp. 2d 902, 914 (N.D. Ill. 2006). Neither party argues that the law applicable to this case is either complex or unsettled. The Court finds that this factor is neutral.

*3. The Desirability of Resolving Controversies in their Locale*

To the extent the community surrounding the property loss at issue in this case is located in Danville, Illinois, Danville is located in the Central District of Illinois, and no motion has been filed to transfer venue to that location. Plaintiff is an Indiana corporation with Indiana connections but also with its principal place of business in the Northern District of Illinois. The insurance contract

9

was entered into with Plaintiff in the Northern District of Illinois, but the communication regarding the denial of coverage leading to this lawsuit was sent to Plaintiff's attorney in the Northern District of Indiana. At some point in time, Defendant was communicating with Plaintiff in Illinois from its Indianapolis, Indiana office and then from its Lexington, Kentucky office. Plaintiff's return communications originated in Dyer, Indiana. Neither party makes an argument as to this factor. The Court finds this factor neutral, weighing neither against nor for transfer.

Having balanced all the factors, the Court notes that the private factors of Plaintiff's choice of forum, the relative ease and access to sources of proof, and the convenience of the witnesses weigh in favor of the Northern District of Indiana and that only the public factor of speed to trial favors the Northern District of Illinois. The remaining factors are neutral. Therefore, the Court finds that Defendant has not demonstrated that the Northern District of Illinois is clearly more convenient that the Northern District of Indiana, and the Court denies the Motion to Transfer Venue.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Hartford Fire Insurance Company's Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) [DE 14].

SO ORDERED this 7th day of September, 2010.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc: All counsel of record