UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| THE NOVOGRODER COS., INC., | ) |
| Plaintiff | ) ) ) |
| vs. | ) CAUSE NO. 2:10-CV-193 RM ) |
| HARTFORD FIRE INSURANCE CO., | ) ) ) |
| Defendant | ) |

OPINION and ORDER

Hartford Fire Insurance Company objects to Magistrate Judge Paul Cherry's September 7, 2010 opinion and order denying Hartford's motion to transfer venue pursuant to 28 U.S.C. § 1404(a). Hartford argues, under Federal Rule of Civil Procedure 72(a), that the magistrate judge didn't give proper consideration to certain factors and incorrectly concluded that venue was proper in the Northern District of Indiana. Novogroder argues that the court should affirm the denial of the motion to transfer.

Federal Rule of Civil Procedure 72(a) provides that once a timely objection to a magistrate judge's decision has been filed, a court may modify or reverse any portion of the decision on a non-dispositive issue upon a showing that the decision is clearly erroneous or contrary to law. *See* <u>Hall v. Norfolk Southern Ry. Co.</u>, 469 F.3d 590, 594-595 (7th Cir. 2006) ("The Federal Rules of Civil Procedure provide that when parties object to a magistrate judge's order, district judges are to review nondispositive decisions for clear error and dispositive rulings de novo.").

Under the clearly erroneous standard, the reviewing court "is not to ask whether the finding is the best or only conclusion permissible based on the evidence. Nor is it to substitute its own conclusions for that of the magistrate judge. Rather, the court is only required to determine whether the magistrate judge's findings are reasonable and supported by the evidence." Berman v. Congressional Towers Ltd. P'ship, 325 F. Supp. 2d 590, 592 (D.Md. 2004); *see also* Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997) (district court can overturn magistrate judge's ruling only if "left with the definite and firm conviction that a mistake has been made"); F.T.C. v. Pacific First Benefit, LLC, 361 F. Supp. 2d 751, 754 (N.D. Ill. 2005) (magistrate judge's ruling should be set aside or modified only if it contains "some clearly apparent mistake"). If the case allows two permissible views, the magistrate judge's ruling shouldn't be overturned solely because the reviewing court would have chosen the other view. Hunter v. Dutton, No. 06-0444, 2009 WL 230088, at *1 (S.D. Ill. Jan. 30, 2009).

"To evaluate the convenience of one venue over another, courts look at the following five factors: (1) the plaintiff's choice of forum, (2) the situs of the material events, (3) the relative ease of access to sources of proof, (4) the convenience of the parties, and (5) the convenience of the witnesses." Swift v. Medicate Pharmacy, Inc., Nos. 10-C-689 & 10-C-1874, 2010 WL 3548006, at *3 (N.D. Ill. Sept. 3, 2010). Courts also consider the interests of justice (or "public interest factors"), including "the court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of resolving controversies in [a

2

particular] locale." Valbruna Stainless, Inc. v. ADT Security Servs., Inc., No. 1:10-CV-77, 2010 WL 2772324, at *2 (N.D. Ind. July 12, 2010). "The moving party bears the burden of 'establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient.'" IP Innovation LLC v. Lexmark Int'l, Inc., 289 F. Supp. 2d 952, 953-954 (N.D. Ill. 2003) (*quoting* Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-220 (7th Cir. 1986)). Hartford challenges the magistrate judge's conclusions about the situs of the material events, the relative ease of access to sources of proof, and the convenience of the witnesses.

Hartford first argues that the magistrate judge didn't give proper consideration to the location of the negotiation, signing, and issuance of the insurance policy. Hartford maintains that the claim's proper "situs" is the Northern District of Illinois because the insurance contract between the parties was negotiated and issued in that district, and the magistrate judge's conclusion that the material events in this case weighs slightly in favor of Indiana conflicts with well-established law. The court disagrees.

The second factor for consideration in evaluating a venue challenge is "the situs of the material events." The magistrate judge first noted that "the insurance policy was issued to plaintiff in the Northern District of Illinois, the loss insured by the policy occurred in the Central District of Illinois, and the correspondence regarding the claim under the policy occurred in both the Northern District of Illinois and the Northern District of Indiana." Op. and Ord. (Sept. 7, 2010), at 6. He determined that, with the exception of two initial communications, Novogroder

3

sent all its correspondence on the coverage issue from its counsel's office in Dyer, Indiana to Hartford's claims adjustor in Indianapolis, Indiana and Lexington, Kentucky, and Hartford "communicated its decision to deny the policy through formal denial letters [dated] December 21, 2009, and February 5, 2010, sent to plaintiff's attorney in Dyer, Indiana, from the claims adjustor in Lexington, Kentucky." Id. at 6-7. Lastly, the magistrate judge concluded that "[a]lthough the overall balance of the communications is rather neutral, . . . the situs of the material events weighs slightly in favor of Indiana." Id. at 7.

"[I]n a breach of contract case, the situs is where the business decisions causing the breach occurred." J. Wilderman Autoplex Corp. v. Norton, No. 09-CV-0154, 2009 WL 1230016, at *3 (N.D. Ill. May 1, 2009); *see also* Continental Cas. Co. v. Staffing Concepts, Inc., No. 06-C-5473, 2009 WL 3055374, at *4 (N.D. Ill. Sept, 18, 2009) ("Often, the situs of material events includes the location of performance or non-performance under the contract."). Hartford's denial of coverage letters were tendered to Novogroder, through its counsel, in the Northern District of Indiana. The magistrate judge's determination that the "overall balance" of the circumstances of this case, culminating in Novogroder's receipt of denial of coverage letters in Indiana, weighed slightly in favor of Indiana is neither without support in the record nor contrary to law.

Hartford also argues that the magistrate judge incorrectly held that the Northern District of Indiana, rather than the Northern District of Illinois, afforded relative ease and access to sources of proof and would be convenient for

4

witnesses. According to Hartford, the magistrate judge's conclusions are "unsound" because numerous evidentiary documents relating to the breach of contract claim are located at, and witnesses will be traveling from, Novogroder's Chicago office. Hartford says, too, that the magistrate judge shouldn't have given any consideration to the damaged building being closer to the courthouse in the Northern District of Indiana than to the courthouse in the Northern District of Illinois because most of the evidence will revolve around documents and not the building itself. According to Hartford, the magistrate judge "should have balanced these factors in favor of the Northern District of Illinois, not Indiana." Again, the court can't agree.

The magistrate judge noted that the Northern District of Indiana would be more convenient for witnesses Jack Walsh, the contractor from Danville, Illinois, and claims adjuster Douglas Cameron, whose most recent correspondence was from Lexington, Kentucky; he said as well that the parties hadn't identified "witnesses (other than Mr. Novogroder) or physical evidence currently located in the Northern District of Illinois or that are in a location more convenient more convenient to the Northern District of Illinois." Op. and Ord. (Sept. 7, 2010), at 7. While Hartford disagrees with the magistrate judge's conclusion, Hartford's sole reliance on Novogroder's office being in Chicago is insufficient to support a finding that the location of documents and witnesses should have been weighed in favor of the Northern District of Illinois. Hartford hasn't discussed the location of its own evidence or challenged Novogroder's claim in its response brief that

Novogroder's records relating to this case are stored in Merrillville, Indiana, nor has Hartford identified any witnesses who would be attending trial or would need to be compelled to attend trial. *See* Forcillo v. LeMond Fitness, Inc., 220 F.R.D. 550, 553 (S.D. Ill. 2004) ("courts must look to the nature and quality of the witnesses' testimony with respect to the issues, not just the number of witnesses in each venue [and] must also consider whether these witnesses will be subject to compulsory process and the cost to obtain attendance of willing witnesses"). Hartford hasn't met its burden of showing that the magistrate judge's conclusion relating to access to evidence and convenience of witnesses is clearly erroneous or somehow contrary to law.

"A finding is not clearly erroneous simply because [the reviewing court] would have weighed the evidence differently had [it] been given the first shot at it." Goffman v. Gross, 59 F.3d 668, 671 (7th Cir. 1995). Rather, "[t]he clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997). Perhaps another court might have weighed the relevant factors differently than the magistrate judge, but "if there are two permissible views, the reviewing court should not overturn the decision solely because it would have not chosen the other view." Hunter v. Dutton, No. 06-0444, 2009 WL 230088, at *1 (S.D. Ill. Jan. 30, 2009). The magistrate judge properly considered each of the private and public factors, and his conclusion that, on balance, more factors

favored the Northern District of Indiana than the Northern District of Illinois wasn't clearly erroneous or contrary to law. The court OVERRULES Hartford's objections to Magistrate Judge Cherry's denial of its motion to transfer [docket # 25] and AFFIRMS the September 7, 2010 Opinion and Order [docket # 22] in its entirety.

SO ORDERED.

ENTERED:   November 8, 2010

　　　　　　　　　　　　　　　　　　/s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　　Judge, United States District Court