# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| THE NOVOGRODER COMPANIES, INC, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:10-CV-193-RLM-PRC |
| ) | |
| HARTFORD FIRE INSURANCE COMPANY, ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Amend Complaint [DE 51], filed by Plaintiff the Novogroder Companies, Inc. ("Novogroder") on December 9, 2011.

## PROCEDURAL BACKGROUND

Novogroder filed its Complaint against Hartford Insurance Company ("Hartford") on March 9, 2010, in the Lake Superior Court. Hartford removed the case to this Court on May 11, 2010.

On December 21, 2010, the Court held a Rule 16(b) preliminary pretrial conference and set the deadline for motions for leave to amend the pleadings for February 28, 2011, and the discovery deadline for June 30, 2011. Hartford filed its Answer on January 7, 2011. On May 5, 2011, Judge Robert L. Miller held a scheduling conference and set a deadline for fully-briefed dispositive motions to be filed by October 19, 2011. On July 18, 2011, the Court extended the discovery deadline to August 31, 2011, and the deadline for fully-briefed dispositive motions to November 18, 2011, on Hartford's motion. On August 31, 2011, the Court again extended the discovery deadline on Hartford's motion to October 15, 2011. On October 4, 2011, the Court extended the deadline for fully-briefed dispositive motions to December 9, 2011, on Hartford's motion. On November 21, 2011, the Court again granted a motion to extend deadlines by Hartford, extending the discovery

deadline to December 12, 2011, and the deadline for fully-briefed summary judgment motions to February 10, 2012.

On December 9, 2011, Novogoder filed the instant motion. Defendant Hartford filed a response in opposition on December 21, 2011, and Novogroder filed a reply on December 28, 2011.

**ANALYSIS**

In the instant motion, Novogroder seeks leave of Court to amend its Complaint to include allegations that support the recovery of attorney fees and punitive damages and to expressly include that damage aspect in the request for relief. A general request for attorney fees was made in the initial Complaint. Novogroder argues that, during the discovery process, it has uncovered evidence of unreasonable, vexatious, bad faith, and obdurate conduct on the part of Hartford that would support an award of attorney fees and punitive damages. Although Novogroder argues that its initial Complaint is broad enough to support the claim for attorney fees and punitive damages without amendment, Novogroder nevertheless seeks leave to specifically reference punitive damages and the legal basis for attorney fees under Illinois law in the amended Complaint.

As an initial matter, this case is governed by Federal Rules of Civil Procedure 6(b) and 16 because the instant motion was filed after the deadline for the amendment of pleadings. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719-720 (7th Cir. 2011) (discussing the interplay between Federal Rules of Civil Procedure 15(a) and 16(b)). Rule 6(b)(1) provides:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

2

Fed. R. Civ. P. 6(b)(1). Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Court finds that Novogroder has shown both good cause under Rule 16(b) and excusable neglect under Rule 6(b) for seeking leave to amend its Complaint after the expiration of the court-imposed deadline of February 28, 2011.

Although Novogroder did not cite the standards of Rules 6(b) and 16(b) in its motion, it nevertheless explains that it uncovered what it believes to be evidence of unreasonable, vexatious, bad faith, and obdurate conduct sufficient to support a claim for attorney fees and punitive damages during the course of discovery. Novogroder further explains in its reply brief the series of discovery events that led it to uncover the evidence, events which occurred in August through September 2011. Although Novogroder took the deposition of Hartford's claim handler Doug Cameron on June 15, 2011, Novogroder represents that it was the additional written discovery produced in August through the beginning of December 2011 that led it to believe it may have a claim for punitive damages. Specifically, the deposition of Peter G. Koransky, the attorney for The Novogroder Companies, Inc., took place on August 3, 2011, and disclosed the history of negotiations between Cameron, Koransky, and Mr. Novogroder. Novogroder represents that Hartford's counsel produced records from the Penn Insurance Agency on September 9, 2011, and that the deposition of Jonathan Penn, Novogroder's insurance agent, took place on September 21, 2011. The motion meets the standards under Rules 6(b) and 16(b) because Novogroder did not know of these facts prior to the February 28, 2011 deadline, it notified Hartford within a reasonable time of its claim for punitive damages on October 6, 2011, and it then filed its motion for leave to amend complaint within a reasonable time thereafter, on December 9, 2011.

Motions for leave to amend complaint are freely granted when "justice so requires." Fed. R. Civ. P. 15(a)(2). However, "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 759 (7th Cir. 2002)). The Court finds that justice requires leave to amend be granted under the circumstances in this case. The Court has reviewed the proposed Amended Complaint and notes that the changes are limited to the request for punitive damages based on unreasonable, vexatious, bad faith, and obdurate conduct and for attorney fees under 215 Ill. Comp. Stat. 5/155. For the reasons set forth in the previous paragraph, there is no evidence of undue delay or bad faith by Novogroder in seeking leave to file the amendment. Although Novogroder sought "attorney fees" in its original Complaint, it seeks to add a claim for attorney fees under 215 Ill. Comp. Stat. 5/155 based on the alleged evidence of unreasonably and vexatious delay uncovered during discovery. There is no evidence of dilatory motive or any repeated failure to cure deficiencies.

Hartford is not prejudiced by the amendment because counsel for Novogroder informed counsel for Hartford on October 6, 2011, that Novogroder would be seeking punitive damages and explicitly set forth the factual basis for the punitive damages, which are consistent with the allegations in the proposed amendments to the Complaint:

> We believe that the discovery process has disclosed bad faith on the part of Hartford and obdurate conduct that would establish the right to recover punitive damages, within the pleadings of Novogroder in this matter. Hartford not only sought out Novogroder's business when he had a low claim record, but as soon as he filed a claim under his policies, Hartford attempted to rescind the insurance policy and then

4

> subsequently revoked that decision. Hartford has sought out ways to deny the claims from the inception and intentionally delayed any construction work through it promises and behavior, and such conduct, in its totality, justifies punitive damages.

Pl. Mot., Exh. C (correspondence from counsel for Novogroder to counsel for Hartford). Counsel for Hartford responded on October 25, 2011, writing that, although Hartford disagrees with the allegations of bad faith and objects to Novogroder pursuing the allegations in the late stages of discovery, Hartford would need to redepose Mr. Novogroder with respect to these allegations as well as with respect to documents produced with an October 11, 2011 correspondence. Hartford then conducted the second deposition of Mr. Novogroder.

Perhaps most importantly, Federal Rule of Civil Procedure 54(c), which provides, in relevant part: "Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c). A plaintiff is not required to amend the complaint to recover damages otherwise recoverable under the substantive law. *See Back Doctors Ltd. v. Metro. Prop. and Cas. Ins. Co.*, 637 F.3d 827 (7th Cir. 2011).

Finally, Hartford argues that the claim for attorney fees under 215 Ill. Comp. Stat. 5/155 is futile based on Mr. Novogroder's testimony at his second deposition and a balancing of other factual issues. However, futility in the context of Rule 15 is concerned with the inability to state a claim, not the inability of a plaintiff to prevail on the merits. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997) ("The opportunity to amend a complaint is futile if the complaint, as amended, would fail to state a claim upon which relief could be granted."); *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992) ("[A]n amendment may be futile when it fails to state a valid theory of liability or could not withstand a motion to dismiss."). The arguments made by Hartford in its response brief go to the merits of the new allegations, requiring review of

5

the evidence outside the proposed Amended Complaint, such as the identified deposition testimony. Accordingly, the Court cannot say that the proposed Amended Complaint is futile on its face.

To the extent that Hartford requires further discovery based on the new allegations related to punitive damages and attorney fees in the Amended Complaint, the Court grants Hartford leave to file a motion to extend the discovery deadline solely for that purpose.

## CONCLUSION

Based on the foreogoing, the Court hereby **GRANTS** the Motion to Amend Complaint [DE 51]. The Court **ORDERS** Plaintiff to **FILE** the Amended Complaint and its exhibits upon receipt of this Order. The Court **ORDERS** that the deadline for any motion by Hartford to extend the discovery deadline to conduct discovery on the issues of attorney fees and punitive damages raised in the amended complaint is **February 17, 2012**.

SO ORDERED this 2nd day of February, 2012.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc: All counsel of record