UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| THE NOVOGRODER COS., INC., | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CAUSE NO. 2:10-CV-193 RM |
| | ) |
| HARTFORD FIRE INSURANCE CO., | ) |
| | ) |
| Defendant | ) |

OPINION and ORDER

A number of motions currently pend in this action. This order will address Hartford Fire Insurance Company's motion to dismiss The Novogroder Companies' request for punitive damages and Hartford's related motions for a rule to show cause relating to potential depositions of Novogroder officials and to amend the scheduling order. Hartford's motions for summary judgment and to strike George Novogroder's affidavit filed in support of his summary judgment response will be considered in connection with a hearing on those motions to be scheduled under separate order.

Hartford's motion to dismiss is based on Federal Rule of Civil Procedure 12(b)(6), which allows a defendant to seek dismissal of a complaint, or a portion of a complaint, that states no claim upon which relief can be granted. When deciding a Rule 12(b)(6) motion, the court must accept "the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth."

McCauley v. City of Chicago, 671 F.3d 611, 616 (7th Cir. 2011). The court must draw all reasonable inferences in favor of the plaintiff without engaging in fact-finding. Reger Dev., LLC v. National City Bank, 592 F.3d 759, 763 (7th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Under the pleading standard of Federal Rule of Civil Procedure 8(a), a complaint needn't contain "detailed factual allegations," but the complaint's allegations "must be enough to raise a right to relief above the speculative level" and give the defendant fair notice of the claims being asserted and the grounds upon which they rest. Bell Atl. v. Twombly, 550 U.S. at 555.

The basis for the court's subject matter jurisdiction over Novogroder's claims against Hartford is diversity of citizenship pursuant to 28 U.S.C. § 1332. Because Indiana is the forum state, Indiana's choice of law rules determine the substantive law applicable to this case. Bitler Investment Venture II, LLC v. Marathon Ashland Petroleum, LLC, 779 F. Supp. 2d 858, 889 (N.D. Ind. 2011). Indiana's choice-of-law doctrine generally "favors contractual stipulations as to governing law," Allen v. Great American Reserve Ins. Co., 766 N.E.2d 1157, 1162

(Ind. 2002), but neither party has pointed to any choice of law provision in the applicable insurance contract.

Thus, the court turns to Indiana's choice of law rule for contract actions, including actions based upon insurance contracts, *i.e.*, the 'most intimate contacts' test," which requires the court to consider all acts "touching the transaction in relation to the several states involved," including (1) the place of contracting, (2) the place of negotiation, (3) the place of performance, (4) the location of the subject matter of the contract, and (5) the domicile, residence, nationality, place of incorporation, and place of business of the parties, and "apply as the law governing the transaction the law of that state with which the facts are in most intimate contact." Kentucky Nat'l Ins. Co. v. Empire Fire and Marine Ins. Co., 919 N.E.2d 565, 575 (Ind. Ct. App. 2010); RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 188 (1971). Hartford argues that the substantive law of Illinois should apply because the subject matter of the contract, Novogroder's damaged warehouse, is located in Danville, Illinois, and the parties' communications occurred at, and the insurance contract was sent to, Mr. Novogroder's Chicago office. Novogroder doesn't challenge Hartford's argument on this issue, but claims that the laws of Illinois and Indiana are essentially the same in that they both provide that "punitive damages are recoverable under the allegations of the First Amended Complaint." Resp., at 2.

The court agrees with Hartford that enough intimate contacts point to applying Illinois law to the parties' dispute. The court also agrees with

Novogroder's first proposition – that analysis of a punitive damages claim would likely render the same result under the laws of Illinois and Indiana – but can't agree with Novogroder's conclusion that punitive damages are recoverable under the allegations of the amended complaint.

In Count V of the amended complaint, entitled "Attorney Fees and Punitive Damages, Novogroder sets forth certain "unreasonable, vexatious, bad faith, and obdurate conduct" by Hartford, which Novogroder claims entitles it to an award of attorney fees under 215 ILCS 5/155. Amd. Compl., ¶ 44. Novogroder also alleges in Count V that "Hartford's conduct in total exhibited bad faith to Novogroder, and the conduct entitles Novogroder to recover punitive damages." Amd. Compl., ¶ 45. Hartford says Novogroder's claim for punitive damages, which is premised on Hartford's alleged breach of contract, should be dismissed because Section 155 is the exclusive remedy for the unreasonable and vexatious conduct alleged by Novogroder.

Section 155 of the Illinois Insurance Code, 215 ILCS 5/155, provides that in any action involving an insurance company where the issue is the amount of loss under the policy or an unreasonable delay in settling a claim, and the court finds that the insurance company's action or delay was vexatious and unreasonable, the court can allow, as part of the taxable costs, reasonable attorney fees and other costs, plus an amount not to exceed any of the amounts set forth in the section. The Illinois Supreme Court observed that the Illinois legislature recognized that a policyholder in a breach of contract case can't recover

4

as much as he could in a tort action and, so, enacted Section 155 to allow insured parties to collect an extra-contractual award in breach of contract actions "where attorney fees and punitive damages are usually unavailable. . . . The remedy provided by section 155 allows an extracontractual award and specifically defines the limits of this award." Cramer v. Insurance Exchange Agency, 675 N.E.2d 897, 904 (Ill. 1996). As such, Section 155 provides "the exclusive remedy for an insurer's bad faith denial of benefits." Menotti v. Metropolitan Life Ins. Co., No. 08 C 2767, 2009 WL 1064605, at *3 (N.D. Ill. Apr. 20, 2009); *see also* Carolina Cas. Ins. Co. v. Merge Healthcare Solutions, Inc., No. 11 C 3844, 2012 WL 123987, at *7 (N.D. Ill. 2012) ("In Illinois, 215 ILCS 5/155 preempts a common law action for bad faith."); BP Amoco Chemical v. Flint Hills Resources, LLC, 489 F. Supp. 2d 853, 857 (N.D. Ill. 2007) (Illinois "does not recognize a tort for willful breach of contract"); Prescott v. Allstate Life Ins. Co., 341 F. Supp. 2d 1023, 1026 (N.D. Ill. 2004) ("Plaintiffs' claim for breach of the duty of good faith and fair dealing does not state a valid cause of action under Illinois law."); Busse v. Paul Revere Life Ins. Co., 793 N.E.2d 779, 786-787 (Ill. App. Ct. 2003) (concluding that "Dr. Busse's claim for anticipatory breach is in effect one for bad faith denial of benefits, and is therefore preempted by § 155, which the legislature has determined to be the remedy for such conduct.").

Novogroder maintains "an insurance company's bad faith refusal to settle can justify an award of punitive damages," Resp., at 3, but the case upon which it relies, O'Neill v. Gallant Ins. Co., 769 N.E.2d 100 (Ill. App. Ct. 2002), applies to

5

cases "where insurers wrongfully refuse to settle third-party claims," not to cases, like this one, that involve "first-party-insurance-benefit-denial" claims. 769 N.E.2d at 111 ("While the Illinois Supreme Court has held that section 155 preempts punitive damages in first-party-insurance-benefit-denial cases, it has also carefully differentiated first-party claims from cases where insurers wrongfully refuse to settle third-party claims."); *see also* Voyles v. Sandia Mortg. Corp., 751 N.E.2d 1126, 1131 (Ill. 2001) ("This court stated in [Cramer v. Insurance Exchange Agency, 675 N.E.2d 897 (Ill. 1996),] that a separate action in tort would remain available when an insurer breaches its duty to settle an action brought against the insured by a third party."). Novogroder hasn't alleged any refusal by Hartford to settle a third-party claim.

While Section 155 doesn't preempt a claim of insurer misconduct based on a separate and independent tort, "[m]ere allegations of bad faith or unreasonable and vexatious conduct . . . are not sufficient to constitute a separate and independent tort." Cramer v. Insurance Exchange Agency, 675 N.E.2d at 905-906. Novogroder alleges in Count V that Hartford's conduct in connection with the claims process was "unreasonable, vexatious, [in] bad faith, and obdurate," allegations that fall within "the heart of section 155." Beverly Bancorporation, Inc. v. Continental Ins. Co., No. 92 C 4823, 1992 WL 345420, at *5 (N.D. Ill. Nov. 17, 1992); *see also* Busse v. Paul Revere Life Ins. Co., 793 N.E.2d 779, 786-787 (Ill. App. Ct. 2003) ("The court in Cramer cautioned against litigant attempts to make an 'end run' around the limits imposed by § 155 by creating a common law action

6

'that remedies the same basic evil.'"(*quoting* Cramer v. Insurance Exchange Agency, 675 N.E.2d 897, 904 (Ill. 1996)).

Because the actions complained of by Novogroder don't support a separate and independent tort, but, instead, fall within its breach of contract action and the limitations of recovery under Section 155, the court GRANTS Hartford Fire Insurance Company's motion to dismiss the plaintiff's request for punitive damages [docket # 72]. The court DENIES Hartford's motion for a rule to show cause [docket # 87] and also DENIES Hartford's motion to amend scheduling order [docket # 90] based, first, on the dismissal of Novogroder's request for punitive damages and, second, on the language of 215 ILCS 5/155, which provides that the court, not the jury, may allow an award of attorney fees and other costs if it determines, based on the evidence presented at trial, that Hartford's actions were vexatious and unreasonable, an issue about which the parties have been at odds since their dispute began.

A hearing on Hartford's summary judgment motion will be set under separate order after consultation with counsel.

SO ORDERED.

ENTERED: __May 30, 2012__

　　　　　　　　　　　　　　　　__/s/ Robert L. Miller, Jr.__
　　　　　　　　　　　　　　　　Judge, United States District Court